COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-168-CR

  
REFUGIO BALLEZA CORTEZ                                                   APPELLANT
A/K/A REFUGIO CORTEZ

  
V.

  
THE STATE OF TEXAS                                                                  STATE

  
------------
 
FROM THE 213TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Refugio 
Balleza Cortez, a/k/a Refugio Cortez, appeals from his conviction for the 
offense of aggravated robbery with a deadly weapon. We affirm.
        The 
parties are familiar with the facts of this case and the applicable law is 
well-settled.
        In 
his first two points, appellant complains that the evidence is legally and 
factually insufficient to support his conviction for aggravated robbery. The 
following evidence was presented at trial: the clerk at the convenience store 
identified appellant and his partner, David Lopez, as the men who acted together 
to rob her at knife-point; the State admitted a videotape of the robbery showing 
appellant seizing the money out of the cash drawer while Lopez thrust a knife at 
the clerk; and Detective Manny Reyes testified that appellant admitted to 
planning the robbery of the convenience store with Lopez before the robbery. 
Moreover, appellant testified at trial and admitted that he robbed the store 
with Lopez, but contended that the act was not planned with Lopez before hand 
and denied knowing that Lopez intended to pull a knife on the clerk. Upon 
reviewing the evidence under the applicable standards of review,[2]  we conclude that the evidence presented at trial was 
legally and factually sufficient to establish appellant committed the offense of 
aggravated robbery.[3]  We overrule appellant’s 
first two points.
        In 
his third point, appellant complains that the trial court erred by denying his 
request for a jury charge tracking article 38.23 of the code of criminal 
procedure as it related to his confession.[4]  
Specifically, he argues that it was clear that he was so intoxicated that he did 
not know what he was doing and his excessive use of alcohol and cocaine 
prevented him from making a knowing statement or waiver of his rights. A trial 
court is required to give an article 38.23 instruction if there is a factual 
dispute as to how the evidence was obtained. Balentine v. State, 71 
S.W.3d 763, 773 (Tex. Crim. App. 2002). Intoxication alone does not render a 
confession involuntary. Jones v. State, 944 S.W.2d 642, 651 (Tex. Crim. 
App. 1996); Garcia v. State, 919 S.W.2d 370, 387 (Tex. Crim. App. 1996) 
(op. on reh'g). Additionally, appellant did not present any evidence to raise an 
issue on the voluntariness of his statements. We overrule appellant’s third 
point.
        In 
his fourth and fifth points, appellant argues that the trial court erred by 
overruling his objection to the State’s improper jury arguments during guilt- 
innocence. In one instance, the State said that appellant was “not simply a 
thief.” In the other instance, the State said “[d]on’t even insult the 
people of Tarrant County by finding him guilty of theft.”
        Proper 
jury argument includes four areas: (1) summation of the evidence presented at 
trial, (2) reasonable deduction drawn from that evidence, (3) answer to the 
opposing counsel's argument, or (4) a plea for law enforcement. Jackson v. 
State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). To constitute reversible 
error, the argument must be manifestly improper or inject new, harmful facts 
into the case. Id. Neither argument injected new facts into the case or 
could be construed as manifestly improper. Accordingly, we hold that the first 
statement was a proper response to the opposing counsel’s argument that 
appellant was merely a thief who came into the store to buy beer and acted alone 
on the spur of the moment to steal the money from the register. The second 
argument is a proper plea to law enforcement. Appellant’s fourth and fifth 
points are overruled.
        Having 
overruled all of appellant’s points, we affirm the trial court’s judgment.
 
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
PANEL B:   LIVINGSTON, 
DAUPHINOT, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: March 25, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  See 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden 
v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); see also Johnson v. 
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 
S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).
3.  See 
Tex. Penal Code Ann. §§ 7.02(a)(2), 29.02(a)(2), 
29.03(a)(2) (Vernon 2003).
4.  
Article 38.23 provides that
No evidence obtained by an 
officer or other person in violation of any provisions of the Constitution or 
laws of the State of Texas, or of the Constitution or laws of the United States 
of America, shall be admitted in evidence against the accused on the trial of 
any criminal case.
 
In any case where the legal 
evidence raises an issue hereunder, the jury shall be instructed that if it 
believes, or has a reasonable doubt, that the evidence was obtained in violation 
of the provisions of this Article, then and in such event, the jury shall 
disregard any such evidence so obtained.
 
Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2004).